# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

STEVEN GERGELY,
    Plaintiff

vs

WARREN CORRECTIONAL
INSTITUTION, et al.,
    Defendants.

Case No. 1:09-cv-757

Weber, J.
Hogan, M.J.

**ORDER**

Plaintiff, an inmate at the Warren Correctional Institution (WCI) in Lebanon, Ohio, brings this prisoner civil rights action under 42 U.S.C. § 1983. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b)(1-2). In order to state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that the persons engaging in the conduct complained of were acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 517 (1984)). Plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted); *Wysong v. Dow Chemical Co.*, 503 F.3d 441, 446 (6th Cir. 2007), and provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Plaintiff, who is proceeding pro se, brings this action against the Warren Correctional Institution, WCI Warden Jackson, WCI Lt. O'Neal, and WCI Corrections Officer Lane. Plaintiff alleges that on August 20, 2009, the toilet in his cell malfunctioned and continually flushed. After 16 hours, the maintenance man turned off the water supply to the toilet and told plaintiff he would return to fix it once he obtained the necessary part. Plaintiff was given a mop bucket to fill the toilet with water in the interim. Officer Lane removed the bucket per Lt. O'Neal's orders and advised plaintiff he was not permitted to have the bucket in his cell. Plaintiff was without a functioning toilet for five days and was forced to eliminate his bodily waste in the non-functioning toilet and shower. Plaintiff alleges he suffers from irritable bowel syndrome and uses the bathroom often. He alleges the smell of bodily waste made him sick. As relief, he seeks

monetary damages of $750,000.00.

For the reasons set forth below, the Court dismisses this action without prejudice because it is apparent from the face of the complaint that the action was prematurely commenced by plaintiff prior to exhaustion of his administrative remedies.

Under 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act (PLRA), a prisoner confined in any jail, prison or other correctional facility may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 or any other federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion under the PLRA is mandatory and unexhausted claims cannot be brought in federal court. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). Prisoners must exhaust the prison grievance procedure "even where the relief sought-monetary damages-cannot be granted by the administrative process." *Woodford*, 548 U.S. at 85 (citing *Booth v. Churner*, 532 U.S. 731, 734 (2001)).

In *Jones*, the United States Supreme Court held that "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* at 216 (overruling Sixth Circuit precedent to the contrary). While focusing on the pleading standard for 42 U.S.C. § 1997e exhaustion, the *Jones* Court also gave guidance to lower federal courts in screening prisoner complaints under 28 U.S.C. § 1915A. The Supreme Court noted that its ruling does not mean that prisoner complaints will never be subject to *sua sponte* dismissal for failure to exhaust administrative remedies:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the

3

> complaint is subject to dismissal for failure to state a claim; that does not make
> the statute of limitations any less an affirmative defense, *see* Fed. Rule Civ. Proc.
> 8(c). Whether a particular ground for opposing a claim may be the basis for
> dismissal for failure to state a claim *depends on whether the allegations in the
> complaint suffice to establish that ground*, not on the nature of the ground in the
> abstract. *See Leveto v. Lapina,* 258 F.3d 156, 161 (3rd Cir. 2001) ("[A] complaint
> may be subject to dismissal under Rule 12(b)(6) when an affirmative defense ...
> appears on its face" (internal quotation marks omitted)). *See also Lopez-Gonzalez
> v. Municipality of Comerio,* 404 F.3d 548, 551 (1st Cir. 2005) (dismissing a
> complaint barred by the statute of limitations under Rule 12(b)(6)); *Pani v.
> Empire Blue Cross Blue Shield,* 152 F.3d 67, 74-75 (2nd Cir. 1998) (dismissing a
> complaint barred by official immunity under Rule 12(b)(6)). *See also* 5B C.
> Wright & A. Miller, Federal Practice and Procedure § 1357, pp. 708-710, 721-729
> (3d ed. 2004).

*Id.* at 215 (emphasis added). Thus, even though exhaustion of administrative remedies need not be pled specifically in the complaint, where it is apparent from the face of the complaint that an inmate has failed to exhaust the prison grievance procedure *sua sponte* dismissal is appropriate on initial review for failure to state a claim upon which relief may be granted. *See Brown v. Lebanon Correctional Institution,* No. 1:09-cv-513, 2009 WL 2913930, at *3 (S.D. Ohio Sept. 9, 2009) (sua sponte dismissing complaint where inmate admitted in complaint he failed to utilize prison grievance procedure); *Vosburgh v. Utah State Prison,* No. 2:06-CV-1041 TC., 2008 WL 4755790, at *3 (D. Utah October 29, 2008) (applying *Jones* and sua sponte dismissing prisoner's § 1983 complaint based on admission in the complaint that previous lawsuit based on same facts was dismissed based on failure to complete grievance process); *Clifford v. Louisiana,* No. 07-955-C, 2008 WL 2754737, at *3 (M.D. La. July 7, 2008) (adopting magistrate judge's recommendation that prisoner's claim concerning handling of mail be sua sponte dismissed where it was apparent from the face of the complaint that the claim was not administratively exhausted); *Whitaker v. Gannon,* No. 1:07-cv-521, 2007 WL 2744329, at *2 (S.D. Ohio Sept. 19,

2007) (complaint subject to sua sponte dismissal where plaintiff admitted he failed to exhaust prison grievance procedure); *Spaulding v. Oakland County Jail Medical Staff,* No. 4:07-cv-12727, 2007 WL 2336216, at *3 (E.D. Mich. Aug. 15, 2007) (applying *Jones* and dismissing complaint on initial screening for failure to exhaust because it was clear from the face of the complaint that the prisoner had not exhausted his administrative remedies prior to filing suit); *Ghosh v. McClure,* No. H-05-4122, 2007 WL 400648, at *6 n. 3 (S.D. Tex. Jan. 31, 2007) ("Nothing in the Supreme Court's decision in *Jones* precludes a reviewing court from raising the issue of exhaustion *sua sponte* or dismissing the complaint without service on the defendants where the pleadings and the record confirm that a prisoner has violated 42 U.S.C. § 1997e(a) by failing to exhaust his remedies before filing suit."). *See also Tanner v. Fed. Bureau of Prisons,* 475 F. Supp.2d 103, 105 (D.D.C. 2007); *Leary v. A.R.U.S. Conerly,* No. 06-cv-15424-BC, 2007 WL 1218952, at *4 (E.D. Mich. April 25, 2007); *Funk v. Washburn,* No. 2:07-cv-318, 2007 WL 1747384, at *1 (M.D. Fla. June 18, 2007).

In this case, by his own allegations, plaintiff admits he did not exhaust his administrative remedies prior to bringing suit. Plaintiff states that he filed informal complaints about the conditions of his cell, but "stop[p]ed at the Notice of Grievance to Institutional Inspector for 2 reasons: 1) it was pointless and moot to go to the Chief Inspector the toilet was fixed and I got moved; 2) I cannot get a free envelope to mail a Notice of Grievance to the Chief Inspector to save my life." (Complaint, page 3).

Plaintiff's complaint conclusively shows that his lawsuit is barred by the PLRA's exhaustion requirement as the statute has been interpreted by the United Supreme Court. By his own admission on the face of the complaint, plaintiff failed to exhaust his administrative

5

remedies in accordance with the prison grievance procedure provided by Ohio law. The Ohio Administrative Code sets forth a three-step grievance procedure for inmates housed in Ohio prisons for grievances against all personnel other than the Warden or Inspector of Institutional Services. *See* Ohio Admin. Code §§ 5120-9-31(K)(1), (2), (3). The last step in this process is an appeal to the Chief Inspector of the Ohio Department of Rehabilitation and Correction, a step plaintiff admits he did not take. Plaintiff's allegation that it would be futile to pursue the grievance process is unavailing because the Supreme Court has declined to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001). *See also Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). Nor does his conclusory allegation that he lacked a "free" envelope to mail a grievance appeal excuse the exhaustion requirement. *See Spencer v. C/O Fies*, No. 06-132, 2008 WL 2275532, at *8 (W.D. Pa. May 30, 2008).[1] Because the affirmative defense appears on the face of the complaint and suffices to establish the existence of the defense, *Jones,* 549 U.S. at 215, plaintiff's complaint is subject to *sua sponte* dismissal for failure to state a claim for relief.

Therefore, it is hereby **ORDERED** that plaintiff's complaint is **DISMISSED** without prejudice.[2]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*,

---

[1] Plaintiff's inmate trust fund account statement shows he had sufficient funds prior to filing this lawsuit to purchase an envelope if he so desired. (Doc. 4).

[2] Since the dismissal in this matter is without prejudice, plaintiff is free to re-file his complaint after he has completed the exhaustion process. Plaintiff is reminded that should he choose to re-file, he is excused from paying the filing fee so long as the complaint raises the same allegations as contained in this action. *See Owens v. Keeling*, 461 F.3d 763, 773 (6th Cir. 2006).

114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

Date: 12/02/09

Herman J. Weber, Senior Judge
United States District Court